IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kelvin Hayes and Karen Skipper, ) | |
| ) | |
| Plaintiffs, ) | C.A. No. 2:13-cv-0816-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Tim Knight and Keith Hunt, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants, Dorchester County sheriff's Deputies, violated their constitutional rights during a traffic stop on March 27, 2011. Defendants filed a Motion for Summary Judgment on June 30, 2014 (Dkt. No. 66), Plaintiffs filed a Response on July 21, 2014 (Dkt. No. 70), and Defendants filed a Reply on July 31, 2014 (Dkt. No. 75). The case is now before this Court on the Report and Recommendation ("R&R") of the Magistrate Judge, submitted November 5, 2014 (Dkt. No. 76), which recommends that the Motion for Summary Judgment be denied. Defendants filed Objections to the R&R on November 24, 2014 (Dkt. No 77). For the reasons stated herein, the Court DENIES the Motion for Summary Judgment as to Defendant Knight, GRANTS the Motion for Summary Judgment as to Defendant Hunt, and ADOPTS the R&R in whole.

**Background**

The R&R ably recites the relevant facts, and it is unnecessary to review the details of the complaint, depositions, and arrest reports that constitute the factual record to this point. In brief, Plaintiff Mr. Hayes, an African American man, was driving a vehicle at night with Plaintiff Ms. Skipper, a white woman, as a passenger, when Defendant Deputy Knight pulled them over. Knight explained that Hayes had failed to activate his turn signal more than 100 feet prior to

turning.[1] After Knight spoke with Skipper and Hayes, and had Hayes spit out a mint in his mouth, Knight attempted to search Hayes' mouth, asserting that he had seen something in his mouth. When Hayes stated that he wanted to be released if he was not being ticketed and refused to open his mouth, Knight threatened to "choke [him] out" and proceed to grab Hayes by the lapels and throw him down onto the hood of the car. The two then struggled on the ground out of view of the "dash cam" video recording of the events; accounts differ as to whether Hayes resisted or not. During this altercation, Defendant Deputy Hunt arrived on the scene and handcuffed Hayes, who was taken first to a hospital for treatment of a head injury and bleeding and next to a detention center, while Skipper was driven home by another officer. (R&R at 1-6; *Video* at 1:27:00-1:39:00).

Plaintiffs' Amended Complaint, filed September 27, 2013, alleges four causes of action against Knight under 42 U.S.C. § 1983; first, a Fourth Amendment claim for an illegal seizure of both Plaintiffs; second, a Fourth Amendment claim for excessive force while seizing Hayes; third, a Fourth Amendment claim for arresting Hayes without probable cause; and fourth, a First Amendment claim for arresting Hayes based on his speech invoking his Fourth Amendment rights. (Dkt. No. 55 at 7-10). The Complaint also alleges one cause of action against Hunt for excessive force during the arrest. (*Id.* at 8).

## Analysis

### A. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

---

[1] South Carolina Code of Laws Section 56-5-2150 requires that a driver activate their turn signal a minimum of 100 feet prior to a turn or lane change. Plaintiffs have offered substantial evidence that Hayes began signaling 117.8 feet before the stop sign where he turned, and Defendants accept this estimate for purposes of summary judgment analysis. (Dkt. No. 66-1 at 11).

Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1). To the extent Petitioner fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 Fed.Appx. 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative

3

allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## B. Discussion

The Court has carefully reviewed the R&R, the full administrative record in this matter, and the relevant authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately recommended that Defendants' Motion for Summary Judgment be denied as to all claims against Defendant Knight and granted as to the excessive force claim against Defendant Hunt. Defendants have filed objections to the R&R, arguing that the Magistrate Judge's analysis erred in three ways.

First, Defendant Knight argues that he is entitled to qualified immunity on the wrongful arrest claim because he made a "bad guess in [a] gray area[]" with respect to the distance Hayes traveled between activating his turn signal and making the turn, and reasonably believed that he had probable cause to believe Hayes had violated the law. (Dkt. No. 77 at 7, citing *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992)). The Objections also argue that there is no evidence that Deputy Knight was "measurement-challenged" enough to invoke the fourth Circuit's decision in *United States v. Sowards*, 690 F.3d 583, 591 (4th Cir. 2012) (reversing a district court decision that credited an officer's visual speed estimate of seventy-five miles per hour in a seventy mile per hour zone and his assertion that he had tracked a vehicle for one hundred yards, despite his further testimony that there are "twelve feet in a yard" and "twelve inches on a yardstick). Knight asserts in his pleading that he "had a reasonable belief in the distance involved to initiate the traffic stop and the detention of Hayes, based on his background, experience, and considered opinion." (Dkt. No. 77 at 7). But the dash cam video shows Knight

4

telling Hayes that he was only twenty feet from the turn when he activated his turn signal, which would mean that, assuming that Plaintiffs' investigator is correct that Hayes activated his turn signal approximately 118 feet before turning, Knight underestimated Hayes' distance from the stop sign by approximately nighty-eight feet. *See Video* at 1:25:30. The Court is not prepared to find that there is no dispute of the the material facts as to whether Defendant Knight's error in distance estimation was reasonable enough to render the stop constitutional. Nor is he entitled to summary judgment based on qualified immunity. This is because "[d]isputed facts are treated no differently in this portion of the qualified immunity analysis than in any other context." *Vathekan v. Prince George's Cnty.*, 154 F.3d 173, 180 (4th Cir. 1998) (citing *Buonocore v. Harris*, 65 F.3d 347, 359 (4th Cir. 1995) and *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992)). Accordingly, "summary judgment on qualified immunity grounds is improper as long as there remains any material factual dispute regarding the actual conduct of the defendants." *Id.*

Second, both in their Motion for Summary Judgment and in the Objections to the R&R, Defendants raise a novel legal argument as to why a passenger might not be "seized" for purposes of Fourth Amendment analysis purposes. Defendants first acknowledge that "A passenger in a vehicle stopped by the police is seized by the stop within the meaning of the Fourth Amendment." (Dkt. No. 66-1 at 12, citing *Brendlin v. California*, 551 U.S. 249 (2007) and *United States v. Soriano-Jarquin*, 492 F.3d 495 (4th Cir. 2007). However, they proceed to present the question of "When is a technical 'seizure' not a Section 1983 'seizure' or, at least, not a seizure that constitutes a § 1983 violation?" (Dkt. No. 77 at 10-11 (emphasis in original)). Citing to cases from other circuits and trial courts, Defendants argue that in cases where police chases end in accidental collisions, or where shots fired by a police officer hit an uninvolved bystander, no "seizure" has taken place because the police officer did not intend to target the

person inadvertently "seized." The Objections also cite to *Brower v. County of Invo*, 489 U.S. 593, 597 (1989), where the Court found that a car stopped by a road block was "intentionally" seized because the road block was designed to serve the purpose of stopping cars, even if no individual made a decision to seize the particular car. (Dkt. No. 77 at 10).

In the Court's view, *Brower* and *Brendlin* leave no room for dispute that when an officer has intentionally pulled over a car, and when that car contains a passenger, the passenger may dispute the constitutionality of the stop via a Section 1983 claim. *Brower* requires that to be subjected to Fourth Amendment analysis, a seizure must involve "a governmental termination of freedom of movement *through means intentionally applied*." 489 U.S. at 597 (emphasis in original). The record contains no evidence or argument that there was anything unintentional about Knight's actions in pulling over the van that Skipper was riding in; comparing the traffic stop to a stray bullet or a car accident is inapt. Because the law is clear on this point, the Court also rejects Defendant Knight's related qualified immunity argument that the law was unclear on what type of traffic stop constitutes seizure of a passenger. (Dkt. No. 13).

Third, and finally, Defendant Knight argues that he is entitled to qualified immunity as to the use of force claim because Knight thought that he saw something in Hayes' mouth and believed that if Hayes ingested cocaine he could be physically harmed.[2] (Dkt. No. 77 at 13-14). As discussed in the context of the reasonableness of Knight's belief that Hayes had violated the turn signal law, a defendant is only entitled to summary judgment qualified immunity where the facts are not in dispute. Here, both parties agree that the initial white object Knight saw in Hayes' mouth was a mint, which he spit out upon the officer's request. Whether at that point Knight held a genuine and reasonable belief that Hayes had something else in his mouth, and that

---

[2] Defendants make no argument that the underlying right – to be free of excessive force during a traffic stop – was not clearly established at the time of the arrest. *E.g. Turmon v. Jordan*, 405 F.3d 202, 208 (4th Cir. 2005).

it was necessary to threaten to "choke him out" and to use significant force to overcome Hayes and remove the object is a determination on facts and credibility that cannot be appropriately made by the Court on a motion for summary judgment. The Court therefore declines to grant summary judgment to Knight based on qualified immunity for the excessive force claim.

## Conclusion

The Court has reviewed the R&R, the full administrative record in this matter and the relevant legal authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately recommended that the motion be denied. Therefore, the Court hereby **ADOPTS** the R&R as the order of this Court, **DENIES** the Motion for Summary Judgment (Dkt. No. 66) as to Defendant Knight, and **GRANTS** the Motion as to Defendant Hunt. The case will therefore proceed on the four Section 1983 claims against Defendant Knight.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 15, 2015
Charleston, South Carolina

7